IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CRYSTAL R. RICHIE, Administrator
of the Estate of Lauren E. Crowner,

and

KATHRYN CROWNER,  Case No. 2:09-cv-00604
 Judge Edmund A. Sargus, Jr.
Plaintiffs,  Magistrate Judge Norah McCann King

vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

Defendant.

## OPINION AND ORDER

This case is before the Court for consideration of the Defendant's Motion to Dismiss Plaintiffs' Amended Complaint ["Motion to Dismiss"] and Motion to Strike Plaintiffs' Jury Demand ["Motion to Strike"]. (Doc. #11.) For the reasons that follow, the Motion to Dismiss is **GRANTED IN PART and DENIED IN PART.** The Motion to Strike the jury demand is **GRANTED.**

I.

Lauren E. Crowner, deceased ["Decedent"], was insured under an accidental death benefit policy [the "Policy"] issued by Defendant Hartford Life and Accident Insurance Company ["Defendant"]. (Amend. Compl. ¶ 6.) Media General, Inc., Decedent's employer at the time of her death, was listed as the Policyholder. (*Id.*) While working on July 31, 2006, Decedent suffered injuries while riding as a passenger in a motor vehicle that was involved in a collision. (*Id.* at ¶¶ 3, 5.) Decedent passed away on August 22, 2006. (*Id.* at ¶ 4.) Plaintiff Crystal R.

Richie ["Ms. Richie"] was appointed as Administrator of the Estate of Lauren E. Crowner on January 17, 2007. (*Id.* at ¶ 1.) Following her daughter's death, the Decedent's mother, Plaintiff Kathryn Crowner ["Ms. Crowner"], filed a claim for payment of accidental death benefits under the Policy. (*Id.* at ¶ 8.) Defendant denied Ms. Crowner's claim on January 22, 2008. (*Id.* at ¶ 9.) Ms. Crowner then filed an appeal of the denial of benefits, which the Defendant subsequently denied. (*Id.* at ¶ 10.)

Ms. Richie filed a complaint in the Court of Common Pleas of Franklin County, Ohio. (Doc. # 1-1 at 4-7.) She alleged, for the exclusive benefit of the surviving parents and other next of kin, that Defendant's denial of accidental death benefits constituted a breach of contract, a failure to deal in good faith, and negligence. (Compl. ¶¶ 2, 11, 13, 15.)

Defendant responded by removing the case to this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 1441(a) and (b). Defendant then filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as a Motion to Strike Plaintiff's Jury Demand pursuant to Federal Rule of Civil Procedure 12(f). (Doc. #6.) In this original Motion to Dismiss, Defendant maintained that the Employee Retirement Income Security Act ["ERISA"], 29 U.S.C. § 1001 *et. seq.* (2004) preempted Plaintiff's claims for failure to deal in good faith and negligence, and that these claims should, therefore, be dismissed. (*Id.* at ¶ 3.) Defendant also maintained that ERISA preempted Plaintiff's cause of action for breach of contract and that it should be re-characterized as a claim for benefits under ERISA. (*Id.* at ¶ 4.) Additionally, asserting that ERISA only permits a "participant or beneficiary" to sue to recover benefits, Defendant contended that Ms. Richie, as Administrator of the Decedent's estate, lacked standing to sue. (*Id.* at ¶ 8.) Finally, in support of its Motion to Strike, Defendant maintained that claimants for the recovery of benefits under ERISA plans are not entitled to jury trials. (*Id.* at ¶

2

10.)

Plaintiff then filed an Amended Complaint, adding Ms. Crowner as a party-Plaintiff, and asserting her status as the beneficiary under the Policy. (Amend. Compl. ¶ 7.) Defendant again moves for dismissal under Rule 12(b)(6).

Now before the Court is Defendant's Motion to Dismiss Plaintiffs' Amended Complaint and Motion to Strike Plaintiffs' Jury Demand. (Doc. #11.) Defendant again asserts that Plaintiffs' claims are all subject to preemption by ERISA and should be dismissed. (*Id.* at ¶ 3.) Defendant, however, asserts that if the Court decides to re-characterize the breach of contract claim as one for benefits under ERISA, the Amended Complaint should be dismissed for lack of standing because Plaintiffs have not named a proper beneficiary. (*Id.* at ¶ 7.)

Plaintiffs contend that the issue of whether the Policy is an ERISA plan governed by federal rather than state law is a matter for discovery. (Plaintiffs' Memo Contra Defendant's Motion to Dismiss and Motion to Strike at 1.) Plaintiffs request that, if the Policy is determined to be an ERISA plan, they be given the opportunity to amend their pleadings accordingly. (*Id.* at 1-2.) Additionally, Plaintiffs assert that Ms. Crowner is a beneficiary under the Policy and that Ms. Richie, as Administrator of the Estate, has standing "to present claims on behalf of the Estate, whose decedent qualified as an owner/participant under the applicable policy." (*Id.* at 2.) Finally, Plaintiffs concede that if the Policy is determined to be an ERISA plan, a jury trial would be unavailable. (*Id.*)

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,'. . . [a] pleading

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Hensley Mfg. v. Propride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)(same).

The standard is one of facial plausibility: "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949. Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

Finally, on a motion to dismiss under Rule 12(b)(6), the court "'must take all factual allegations in the complaint as true.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). The court, however, is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 1950 (quoting *Twombly*, 550 U.S. at 555).

## III.

### A. ERISA Preemption

The Court will first address Defendant's assertion that ERISA preempts Plaintiffs' claims for breach of contract, failure to deal in good faith, and negligence. According to Defendant, all of Plaintiffs' claims are preempted by ERISA and should therefore be dismissed. Plaintiffs maintain that without discovery, it is unclear whether the claims are preempted.

### 1. Existence of an ERISA plan

Before determining whether ERISA preempts Plaintiffs' claims, the Court turns first to examine whether the Policy at issue qualifies as an ERISA plan. ERISA was enacted "to provide a uniform regulatory regime over employee benefit plans." *Aetna Health, Inc. v. Davila*, 542 U.S.

4

200, 208 (2004). It is a broad statute which "comprehensively regulates, among other things, employee welfare benefit plans that, 'through the purchase of insurance or otherwise,' provide . . . benefits in the event of sickness, accident, disability, or death." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44 (1987) (quoting 29 U.S.C. § 1002(1)).

To determine whether the Policy is an ERISA plan, the Court assesses if "from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits.'" *Int'l Res., Inc. v. New York Life Ins. Co.*, 950 F.2d 294, 297 (6th Cir. 1991) (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982)). If so, there is a "plan," and the Court must then determine "whether the employer 'established or maintained' the plan with the intent of providing benefits to its employees." *Ackerman v. Fortis Benefits Ins. Co.*, 254 F. Supp. 2d 792, 804 (S.D. Ohio 2003) (internal citations omitted). Finally, the Court must ensure that the plan is not exempt from ERISA under the Department of Labor "safe harbor" regulations. *Fugarino v. Hartford Life & Accident Ins. Co.*, 969 F.2d 178, 184 (6th Cir. 1992), *cert. denied*, 507 U.S. 966 (1993).

Beginning with the first inquiry, considering the totality of the circumstances, a reasonable person would believe that the Policy constituted a "plan."[1] Plaintiffs attached the Policy to her original Complaint. The Policy states that the Defendant, Hartford Life and Accident Insurance Company, "will pay benefits according to the conditions of this policy." (Doc. #1-1 at 12.) Media General, Inc., Decedent's former employer, is listed as the "Policyholder." The Policy also lists and describes classes of "Eligible Persons." (*See* Doc. #1-1 at 12, 15.) The Policy defines when an "Eligible Person" becomes an "Insured Person" (*see* Doc. #1-1 at 25), sets out what

---

[1] Plaintiffs attached the Policy to her original Complaint.

5

benefits will be paid under different conditions (*see* Doc. #1-1 at 29), and describes the claims and appeals procedure. (*See* Doc. #1-1 at 31.) From the content of the Policy alone, a reasonable person "could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Int'l Res., Inc.*, 950 F.2d at 297. The Policy, therefore, is a plan for the purposes of the first inquiry.

The second prong of the test to determine if the Policy qualifies as an ERISA plan is established by the fact that the Policy clearly defines Media General, Inc., Decedent's employer, as the Policyholder. The label "policyholder" implies the entity who owns the policy and the payor of premiums. *See* Black's Law Dictionary 1196 (8th ed. 2004) (defining policyholder as "[o]ne who owns an insurance policy regardless of whether that person is the insured party.") The requirement that the employer "established or maintained" the plan is satisfied by the fact that Media General, Inc. owned the Policy. Additionally, the list of Eligible Persons includes employees and outside directors of the company. (*See* Doc. #1-1 at 15.) Media General, Inc., therefore, established or maintained the Policy with the intent of providing employees with benefits. *See Ackerman*, 254 F. Supp. 2d at 804.

Finally, the Department of Labor has established "safe harbor" regulations which provide the following:

> For the purposes of Title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization under which
>
> (1)  No contributions are made by an employer or employee organization;
>
> (2)  Participation [in] the program is completely voluntary for employees or members;

6

> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums though payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j) (1987). A plan that meets all of the above criteria is exempt from ERISA. *Fugarino*, 969 F.2d at 184. The safe harbor regulations are intended to exclude insurance plans that are not endorsed by the employer from ERISA coverage. *See Ackerman*, 254 F. Supp. 2d at 812. The Court of Appeals for the Sixth Circuit has instructed courts, when applying the safe harbor regulations, to focus on "the employer's neutrality, or lack of neutrality, as to its employees' participation in a benefits plan." *Id.* at 805 (citing *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 436 (6th Cir. 1996)). "[A] finding of endorsement is appropriate if, upon examining all the relevant circumstances, there is some factual showing on the record of substantial employer involvement in the creation or administration of the plan." *Thompson*, 95 F.3d at 436 (internal citation omitted). In the case at hand, the employer is the policyholder, the owner of the Policy. This level of involvement indicates a lack of neutrality on the part of the employer, thus the safe harbor regulation is not available. *See, e.g., Fugarino*, 969 F.2d at 184 (finding the safe harbor was inapplicable when employer paid the premium for employees and allowed them to reimburse him).

Because the facts indicate that Media General, Inc. established and maintained the Policy with the intent of providing benefits to its employees, and that no safe harbor provision applies,

7

the Policy at issue is a qualified plan for purposes of ERISA.

### 2. Preemption by ERISA

ERISA includes "expansive pre-emption provisions, which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Davila*, 542 U.S. at 208 (internal citations omitted). Preemption under ERISA is governed by § 514(a) which provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). Thus, any claim "relating to" an ERISA plan is preempted, regardless of whether it was "so designated or intended." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991) (internal citation omitted).

The effect of the statute's expansive preemptive scope is that the civil enforcement provision, § 502(a), provides the "exclusive cause of action for [a] claim [under an ERISA plan]. . . ." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). Under § 502(a), an action may be brought by a participant or beneficiary to recover benefits due under an ERISA plan. 29 U.S.C. § 1132(a).

#### a. Breach of Contract Claim

Plaintiffs allege that Defendant breached the contract by denying benefits following the death of Decedent, Lauren Crowner. To determine whether a state claim is preempted, the Court will look to the underlying purpose of the claim. "It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Cromwell*, 944 F.2d at 1276 (internal citation omitted). Thus, regardless of the denomination of the state law claim, if the purpose of the cause of action is to recover benefits under an ERISA plan, ERISA preempts it. For example, in *Pilot Life*, the Supreme Court held that the plaintiff's common law claims, including a claim for breach of contract, in which he

8

sought damages for failure to provide benefits under a group insurance policy, "undoubtedly [met] the criteria for pre-emption under § 514(a)." 481 U.S. at 48. The Court reasoned that each of the plaintiff's common law causes of action were "based on alleged improper processing of a claim for benefits under an employee benefit plan . . . ." *Id.*

Further, a claim that could be brought under ERISA § 502(a), but which is brought as a state law claim, is completely preempted by ERISA. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987). This doctrine of complete preemption forms the basis for removal under 28 U.S.C. § 1441, because "a cause of action which *could* state a claim under § 502(a) 'is purely a creature of federal law,' and [] the preemptive effect of the law 'is so powerful as to displace entirely any state cause of action.'" *Ackerman*, 254 F. Supp. 2d at 813-14.

Despite its label, Plaintiffs' breach of contract claim is undoubtedly a claim for benefits under Media General, Inc.'s ERISA plan. *See, e.g., Pilot Life*, 481 U.S. at 48 (finding breach of contract claim preempted because in effect it was a claim for benefits under an ERISA plan). Plaintiffs could have brought the breach of contract claim under ERISA § 502(a), but instead pursued it as a state common law claim. The claim is, therefore, completely preempted under ERISA § 514(a). *See Cromwell*, 944 F.2d at 1276.

In deciding how to ultimately dispose of a state law claim that a party has removed on the basis of complete preemption under ERISA, courts take three different courses of action. Some courts dismiss the claim under traditional notions of preemption. *See, e.g., Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207 (11th Cir. 1999). Other courts re-characterize the state law claim as a cause of action under ERISA and allow the plaintiff to proceed with the litigation. *See, e.g., Crull v. GEM Ins. Co.*, 58 F.3d 1386 (9th Cir. 1995); *Ackerman v. Fortis Benefits Ins. Co.*, 254 F. Supp. 2d 792, 818 (S.D. Ohio 2003). Finally, some courts take an intermediate

9

approach and allow the plaintiff leave to amend the complaint to explicitly state an ERISA claim. *See, e.g., Degnan v. Publicker Indus. Inc.*, 83 F.3d 27 (1st Cir. 1996); *Erbaugh v. Anthem Blue Cross & Blue Shield*, 126 F. Supp. 2d 1079 (S.D. Ohio 2000).

This Court has previously recognized the futility of dismissing the claim, stating that "[i]t would defy logic [] for the Court to allow removal on the basis that the Plaintiffs' Complaint contains federal causes of action, *arising under* ERISA from their inception, and then to grant summary judgment and enter final judgment against the Plaintiffs, because their claims are *preempted by* ERISA." *Erbaugh*, 126 F. Supp. 2d at 1082 (emphasis in original). Although this Court has previously adopted both of the other alternatives, it has recognized that "granting the plaintiff leave to amend to state expressly an ERISA claim is a 'prevailing practice.'" *Ackerman*, 254 F. Supp. 2d at 818 (quoting *Id.*).

Plaintiffs', in their Memorandum Contra Defendant's Motion to Dismiss, request that, if the Court finds their claims preempted by ERISA, it grant them leave to amend their pleadings to comport with applicable federal law. The Court finds this the better course under the circumstances presented here.

Amendment of pleadings is governed by Federal Rule of Civil Procedure 15. According to the Rule, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Absent bad faith or undue prejudice to another party, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he [or she] ought to be afforded an opportunity to test his [or her] claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Although granting leave to amend is "not an absolute requirement," *Ackerman*, 254 F.

10

Supp. 2d at 818,[2] the Court will permit it in this case. The Court has already determined that Plaintiffs' breach of contract claim is a claim for benefits under an ERISA plan which could have been brought under § 502(a) and thus is completely preempted. Defendant removed the claim, in part on the basis of complete preemption. Because leave should be granted freely, the Court hereby permits Plaintiffs leave to amend their Complaint within fourteen (14) days of the date of this Order so as to expressly state a claim for ERISA benefits under § 502(a). Defendant's Motion to Dismiss, as it pertains to the breach of contract claim, is, therefore, **DENIED**.

### b.   Negligence and Failure to Deal in Good Faith Claims

In addition to breach of contract, Plaintiffs also claim Defendant was negligent and failed to deal in good faith. These claims are derivative of the breach of contract claim because they allege that Defendant's failure to pay death benefits was negligent and constituted a failure to deal in good faith. Because these claims relate to an ERISA plan, but could not have been brought independently under § 502(a), they are preempted by ERISA under § 514(a), and must be dismissed. *Tolton v. Am. Biodyne*, 48 F.3d 937, 943 (6th Cir. 1995) (holding insurance bad faith claim preempted by ERISA); *Cromwell*, 944 F.2d at 1276 (finding that ERISA preempts claims of negligent misrepresentation, breach of good faith and other state law claims). Defendant's Motion to Dismiss, as it pertains to the negligence and failure to deal in good faith claims, is, therefore, **GRANTED**.

---

[2]The court in *Ackerman* found granting leave to amend unnecessary because the defendant, "as demonstrated by its complete preemption argument [was] fully aware of the ERISA claim set forth by [the plaintiff]." 254 F. Supp. 2d at 818.

11

## B. Standing

Defendant contends that Ms. Richie, as Administrator of Decedent's estate, is neither a participant nor a beneficiary of the Policy, and thus lacks statutory standing to bring a claim under the Policy. Further, Defendant asserts that "Plaintiffs have not named a proper beneficiary consistent with the Policy because the Amended Complaint refers to Ms. Crowner and Ms. Richie on behalf of others." (Motion to Dismiss ¶ 7.)

Plaintiffs maintain that Ms. Crowner, the beneficiary of the Policy, was named as a Plaintiff in the First Amended Complaint. Plaintiffs also contend that "[a]s Administrator of the Estate, Richie has standing to present claims on behalf of the Estate, whose decedent qualified as an owner/participant under the applicable policy." (Plaintiffs' Memo Contra Defendant's Motion to Dismiss and Motion to Strike at 2.)

Under the terms of ERISA § 502(a), only "participants" or "beneficiaries" may bring a civil action to recover benefits due under an ERISA plan. The statute defines "participant" as follows:

> [A]ny employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7).

Beneficiary is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

### 1. Plaintiff Kathryn Crowner

The parties agree that Ms. Crowner is a proper beneficiary under the Policy. (Amend. Compl. ¶ 7; Motion to Dismiss ¶ 6.) Indeed, Media General Inc.'s Policy provided,

> We will pay any benefit due for loss of the Insured Person's life:
>
> a) according to the beneficiary designation in effect at the time of his or her death; otherwise
>
> b) if no beneficiary is designated, according to the beneficiary designation under the Group Life Insurance Policy issued to the Policyholder and in effect at the time of the Insured Person's death; or
>
> c) to the survivors, in equal shares, in the first of the following classes to have a survivor at the Insured Person's death:
>
> > 1) spouse,
> > 2) children,
> > 3) parents,
> > 4) brothers and sisters.
>
> If there is no survivor in these classes, payment will be made to the Insured Person's estate.

(Doc. #1-1 at 31.)

At the time of her death, Decedent had not designated a beneficiary under the Policy. According to a letter from Media General, Inc. to the Defendant, however, Ms. Crowner is the appropriate beneficiary under the Policy because she was the designated as the beneficiary of Decedent's life insurance policy. (Doc. # 11-2 at 1.)[3] As the beneficiary under the Policy, Ms.

---

[3] Defendant attached the letter to its Motion to Dismiss (Doc. #11). The general rule is that a district court, when reviewing a motion to dismiss, may not consider matters outside of the complaint. *Hensley*, 579 F.3d at 613. When a court does consider evidence beyond the complaint "it effectively converts the motion to dismiss to a motion for summary judgment." *Id.* (quoting *Winget v. JP Morgram Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). However, a court may consider exhibits attached to a defendant's motion to dismiss without converting the motion "so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett. v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2009). Although Plaintiffs do not refer to the letter in their Complaint, the letter asserts a fact that is beneficial to Ms. Crowner's claims. Further, Plaintiffs have not objected to the

13

Crowner has standing to bring suit under § 502 of ERISA. *See* 29 U.S.C. § 1132(a). Defendant's Motion to Dismiss is, therefore, **DENIED** with respect to claims brought by Ms. Crowner.

### 2. Plaintiff Crystal Richie

If interpreted literally, the ERISA definitions of "participant" and "beneficiary" do not include the administrator of an estate. The Court of Appeals for the Sixth Circuit, however, has recognized that an estate of a deceased ERISA plan participant may have standing to bring an ERISA claim. *See Tolton*, 48 F.3d at 941 (" . . . plaintiffs, who brought this action as representatives of Tolton's estate, have standing under ERISA."). Nevertheless, in this case, where a proper beneficiary under ERISA exists, there is no danger of excluding recovery under the Policy by refusing to expand the statutory definitions. Further, under the terms of the Policy, the estate would only become a beneficiary if the Decedent was not survived by any of her immediate family. (Doc. #1-1 at 31.) To allow the estate to recover benefits under the Policy would invalidate its express terms, which make Ms. Crowner the sole beneficiary. Under ERISA, the plan documents control. *See, e.g., Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 129 S. Ct. 865, 875 (2009) (finding a statutory duty under ERISA to pay benefits in conformity with plan documents, even in contravention of a waiver of benefits obtained in a divorce settlement). Thus, Ms. Richie, as Administrator of Plaintiffs' decedent's estate lacks statutory standing to bring a claim for recovery of benefits under the ERISA plan. Defendant's Motion to Dismiss is, therefore, **GRANTED** with respect to all claims brought by Ms. Richie.

---

introduction of the letter, and the Court can glean no prejudice to Plaintiffs as a result of considering the document in reviewing this Motion to Dismiss.

## C. Request for a Jury Trial

Plaintiffs' demand a jury trial in their First Amended Complaint. (Amend. Compl. at 4.) Defendant now moves to strike the Plaintiffs' demand. (Motion to Strike ¶ 10.) Plaintiffs acknowledge that if the Policy is deemed an ERISA plan, "a jury trial would not be available." (Doc. #17 at 2.) This concession is correct. The Sixth Circuit has held that there is no right to a jury trial in actions for recovery of plan benefits under ERISA. *See Daniel v. Eaton Corp.*, 839 F.2d 263, 268 (6th Cir. 1988) (internal citations omitted) *cert. denied*, 488 U.S. 826 (1988). Defendant's Motion to Strike Plaintiffs' Jury Demand is, therefore, **GRANTED**.

## IV.

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff Crowner may have **FOURTEEN (14) DAYS** from the date of this Opinion and Order to **AMEND** her Complaint to state a claim under ERISA. Defendant's Motion to Strike Plaintiffs' Jury Demand is **GRANTED**.

**IT IS SO ORDERED.**

_3-5-2010_
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

15